UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWN EAGLE FEATHER FLOYD,<br><br>Defendant. | 3:20-CR-30082-RAL<br><br><br><br>REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO DISMISS |

Acting pro se, Dawn Eagle Feather Floyd has moved to dismiss her indictment – charging two felony drug offenses – on outrageous government conduct grounds.[1] Because a ruling on the dismissal motion is premature at this stage of the case, the motion should be denied without prejudice to Eagle Feather Floyd renewing it, or making the

---

[1] *See United States v. Combs*, 827 F.3d 790, 794-95 (8th Cir. 2016) (explaining the difference between affirmative defense of outrageous government conduct and defense of entrapment and observing that the former is "reserved for conduct that falls within the narrow band of the most intolerable government conduct," namely, actions "violating that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause"); *see also United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999) (recognizing that "the level of outrageousness to prove a due process violation is quite high" and that government agents "may go a long way in concert with the individual in question" without violating due process).

1

same or similar arguments advanced in the same, as part of a motion for judgment of acquittal.[2]

## BACKGROUND

A federal grand jury indicted Eagle Feather Floyd in August 2020, charging her with a single count of conspiracy to distribute a controlled substance (methamphetamine).[3] Almost three years later, the grand jury superseded the indictment, adding a possession with intent to distribute (methamphetamine) charge.[4] Eagle Feather Floyd then moved to dismiss the indictment because of outrageous government conduct.[5] In her motion, she asserts, among other things, that a Rosebud Sioux Tribe Law Enforcement Services special agent, who she previously was in a relationship with, stalked her, had drugs planted in her vehicle and home, abused his authority, and manufactured a crime.[6] She also asserts that the prosecutor engaged in bad faith, as well as selective and vindictive prosecution and abused the charging function.[7] And Eagle Feather Floyd raises several defenses to the charges in the motion

---

[2] *See* Fed. R. Crim. P. 29.

[3] Docket No. 1.

[4] Docket No. 176.

[5] Docket No. 177.

[6] Docket No. 177-1.

[7] *Id.*

including entrapment, coercion, and duress.[8]  The government, of course, resists Eagle Feather Floyd's motion (and the allegations in her accompanying memorandum) in all respects.[9]

## DISCUSSION

The Federal Rules of Criminal Procedure allow a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[10]  "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense[s] would be of no assistance in determining the validity' of the motion."[11]  A court must decide the motion before trial "unless it finds good cause to defer a ruling" and that the deferral will not "adversely affect a party's right to appeal."[12]  "When factual issues are involved in deciding [the] motion, the court must state its essential findings on the record."[13]  The court may not, however, make

---

[8] *Id.*

[9] Docket No. 182; *see also* Docket No. 192 ("[T]he Government resists the Defendant's motion as she has failed to set forth an appropriate ground for dismissal but rather stated her theory of defense.").

[10] Fed. R. Crim. P. 12(b)(1).

[11] *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

[12] Fed. R. Crim. P. 12(d).

[13] *Id.*

factual findings when issues are "inevitably bound up with evidence about the alleged offense[s]."[14]  Doing so trespasses on territory reserved for the jury, without an accurate and developed record, and disserves judicial economy, particularly if a "mini-trial" is held on the motion that winds up being a "dress rehearsal" for the trial itself.[15]

Eagle Feather Floyd's dismissal motion is unsuitable for pretrial adjudication.  The motion requires a court to resolve factual issues that are interlaced with evidence the jury would need to consider when rendering a verdict on the drug charges.[16]  To rule properly on the motion, the court would have to make "factual determinations that 'fall[] within

---

[14] *Turner*, 842 F.3d at 605; *see also United States v. Pope*, 613 F.3d 1255, 1261-62 (10th Cir. 2010) (Gorsuch, J.) (affirming denial of pretrial motion to dismiss because defendant's constitutional challenge was intertwined with question of guilt or innocence and would have required district court to resolve factual disputes); *United States v. Peneaux*, No. 3:18-CR-30081-RAL, 2019 WL 2482943, at *2-3 (D.S.D. Jun. 14, 2019) (denying, without prejudice, defendant's dismissal motion because resolution of issues raised in it were bound up with evidence relating to merits of charge).

[15] *Pope*, 613 F.3d at 1259; *see also United States v. Touche*, No. 3:22-CR-30039-RAL, 2022 WL 4534836, at *2 (D.S.D. Sept. 28, 2022) (rationale for Rule 12(b) "includes preventing courts from making factual findings on issues that relate to the jury's decision of the merits, the need for a more accurate record, and concerns about judicial economy").

[16] *Compare United States v. Sampson*, 898 F.3d 270, 281-82 (2d Cir. 2018) (when Rule 12(b) motion raises factual dispute that is inextricably intertwined with defendant's potential culpability, judge should not decide motion because it risks invading "the inviolable function of the jury"); *Turner*, 842 F.3d at 604-05 (district court could not rule on dismissal motion under Rule 12(b)(1) without resolving factual issues related to alleged offense and should have deferred ruling on motion until trial) *with United States v. Killgallon*, 572 F. Supp. 3d 713, 724 (D.S.D. 2021) (motion to dismiss under Rule 12(b) capable of resolution without trial because operative facts undisputed).

4

the province of the ultimate finder of fact.'"[17] The court likewise needs a "more certain framework" to analyze the many claims Eagle Feather Floyd makes in her motion.[18] The indictment has no specific facts about Eagle Feather Floyd's charged conduct and the parties have not stipulated to any such facts (so that the court can legitimately pass judgment on the motion before trial).[19]

Under the circumstances, it cannot be said that a "trial of the facts surrounding the commission of the offenses would be of no assistance in determining the validity" of Eagle Feather Floyd's motion.[20] Because good cause exists to defer ruling on the motion, it should be denied without prejudice to Eagle Feather Floyd renewing the motion or arguing for judgment of acquittal, in the context of Federal Rule of Criminal Procedure 29,[21] after the close of the government's case and when all the trial evidence is in.[22]

---

[17] *Turner*, 842 F.3d at 605 (quoting *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994)).

[18] *See Peneaux*, 2019 WL 2482943, at *3 (quoting *Pope*, 613 F.3d at 1259).

[19] *See id.*; *see also United States v. Rodriguez*, No. 2:04-CR-55, 2006 WL 435581, at *3 (D.N.D. Feb. 21, 2006) (Erickson, J.) ("Unless there is a stipulated record, a pretrial motion challenging the [] charges is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

[20] *Covington*, 395 U.S. at 60; *see also United States v. Knox*, 396 U.S. 77, 83 & n. 7 (1969) (defenses and evidentiary questions should be determined at trial and not by pretrial motion to dismiss).

[21] *See* Fed. R. Crim. P. 29(a), (b) (judgment of acquittal motion may be made before or after case submitted to jury).

[22] *Turner*, 842 F.3d at 605; *Touche*, 2022 WL 4534836, at *1-2; *United States v. Nagi*, 254 F. Supp. 3d 548, 564 (W.D.N.Y. 2017); *see also United States v. Sayward*, No. 3:22-CR-111, 2022

## CONCLUSION

Any ruling on Eagle Feather Floyd's dismissal motion is meshed with evidence pertaining to her drug charges and should be deferred until trial.[23] Ruling on the motion at this time (before trial) would be premature and inappropriate.[24]

## RECOMMENDATION

Based on the authorities and legal analysis set forth in this report and the record now before the court, it is

RECOMMENDED that Eagle Feather Floyd's motion to dismiss indictment[25] be denied without prejudice to her making a motion for judgment of acquittal at trial.

---

WL 17849053, at *4 (D.N.D. Dec. 22, 2022) (denial of motion to dismiss and for evidentiary hearing because of fact issues jury must decide); *United States v. Quarles*, No. 4:12-CR-358-CDP (FRB), 2012 WL 6651908, at *1 (E.D. Mo. Nov. 8, 2012), *R&R adopted*, 2012 WL 6651906 (E.D. Mo. Dec. 20, 2012) (denying, without prejudice, motion to dismiss indictment based on outrageous government conduct and entrapment because of factual disputes making motion inappropriate for pretrial resolution).

[23] *See* Mot. Hr'g Tr. 5-6, 9-10 (June 6, 2023); *see generally* 2 *Orfield's Criminal Procedure Under the Federal Rules*, § 12:111 (June 2022 Update) (deferring hearing until trial).

[24] *See United States v. Hoeft*, 4:21-CR-40163-KES, 2023 WL 2586030, at *7 (D.S.D. Mar. 21, 2023) (denying defendant's Rule 12(b)(1) motion to dismiss as premature but affording him right to make any arguments in his motion at trial); *United States v. Poulin*, 588 F. Supp. 2d 58, 61 n.2 (D. Me. 2008) (it is better to deny motion to dismiss without prejudice, since a dismissal motion that "depends upon resolution of facts at trial is a contradiction in terms"); *see generally* 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure*, §195 (5th ed. Apr. 2023 Update) (hearing and ruling on Rule 12 motions).

[25] Docket No. 177.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[26] Unless an extension of time for cause is later obtained,[27] failure to file timely objections will result in the waiver of the right to appeal questions of fact.[28] Objections must "identify[] those issues on which further review is desired[.]"[29]

DATED this 16th day of June, 2023.

BY THE COURT:

*[signature]*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

[27] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

[28] *See Thompson*, 897 F.2d at 357; *Nash*, 781 F.2d at 667.

[29] *Arn*, 474 U.S. at 155.