UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWN EAGLE FEATHER FLOYD,<br><br>Defendant. | 3:20-CR-30082-RAL<br><br><br>OPINION AND ORDER DENYING MOTIONS TO SUPPRESS AND TO DISMISS |

On June 16, 2023, Magistrate Judge Mark Moreno filed two separate reports, Docs. 204–05, recommending denial of several of pro se Defendant Dawn Eagle Feather Floyd's pretrial motions.[1] Because Eagle Feather Floyd failed to timely object to Judge Moreno's findings, despite having been notified several times of the deadline by which she was required to do so, this Court adopts both reports in full. Eagle Feather Floyd's Motion to Suppress and Motion to Dismiss, Docs. 122 and 177, are denied.

I. **Motion to Suppress, Docs. 122 and 177**

While she was in tribal custody on charges related to this case, Eagle Feather Floyd handwrote a 41-page document containing, among other things, allegations of misconduct against certain Rosebud Sioux Tribal Law Enforcement Services (RSTLES) officers. After she posted bond and was released from custody, Eagle Feather Floyd walked into the Rosebud police

---

[1] Eagle Feather Floyd, who throughout her case has requested and had appointed six separate attorneys to defend her, is now proceeding pro se but with her sixth court-appointed attorney serving as standby counsel to assist her.

1

department on her own accord and hand-delivered a copy of that document to the RSTLES Chief Administrator. Eagle Feather Floyd told the Chief Administrator that she also submitted copies of the document to several others. The Chief Administrator forwarded the document to the Federal Bureau of Investigation, and later a longer version of the document surfaced in Rosebud Sioux Tribal Court.[2]

Even though she was the one who wrote and voluntarily disseminated it, Eagle Feather Floyd moved to suppress the document on grounds that it was obtained in violation of her rights. Docs. 122 and 177. Judge Moreno held an evidentiary hearing on the motion to suppress and issued a report, Doc. 204, recommending that the motion be denied because no legal basis exists to suppress it. Eagle Feather Floyd was informed several times by Judge Moreno and this Court that she had 14 calendar days—until Friday, June 30, 2023—to file her objections to Judge Moreno's findings, if she had any. See Doc. 204 at 7 ("The parties have 14 calendar days after service of this report and recommendation to object to the same."); Doc. 211 ("Defendant continues to have until Friday, June 30, 2023, to file objections to Judge Moreno's Reports and Recommendations."). Eagle Feather Floyd, who by now is well versed with this Court's online filing system and has apparently had no issues doing her own, quite voluminous filing since electing to represent herself, failed to timely object to Judge Moreno's report and recommendation on the motion to suppress.

Instead of filing any objections, Eagle Feather Floyd filed a "Notice of Appeal," which sought an "extension in time to respond to the court's decision of an extra 7 days as she prepares

---

[2] It is unclear exactly how the Rosebud Sioux Tribal Court received its copy of the document, which had an additional 11 pages of handwritten material drafted by Eagle Feather Floyd. By her own admission, Eagle Feather Floyd widely disseminated the document; in her words, she "gave it to everybody," Mot. Hr'g Tr. 24.

2

evidence to include in her appeal." Doc. 209. This Court interpreted her request as a motion to extend time to respond to the reports and recommendations, denied that request, and reinforced that Friday, June 30, 2023, remained her deadline to file any objections. Doc. 211. On July 1, 2023, and again on July 5, 2023, Eagle Feather Floyd emailed the Deputy-in-Charge of the Clerk of Courts office claiming computer problems. A copy of these email messages now is in CM/ECF as Document 213. Those email messages contain no viable or cognizable objections to Judge Moreno's reports and recommendations, though contrary to what Eagle Feather Floyd previously acknowledged, she now reiterates that she only submitted her 41-page document to the RSTLES Chief Administrator who she alleges then disseminated it. Such a contention of course does not alter the analysis that no grounds exist to suppress a document a defendant writes and provides law enforcement on her own volition at no one's request. This Court has delayed nearly a week in adopting the reports and recommendations, and Eagle Feather Floyd still neither filed nor emailed any colorable objections.

As this Court has said, it reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." But "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). Because Eagle Feather Floyd has not timely filed any objections to Judge Moreno's findings, this Court adopts the report and recommendation on the motion to suppress in full. For what it is worth, this Court has thoroughly reviewed the record on Eagle Feather Floyd's motion to suppress; even if

objections had been timely filed, this Court likely would not have much to add to the report and recommendation because the motion to suppress plainly should be denied.

## II.     Motion to Dismiss, Doc. 177

Eagle Feather Floyd is under indictment for conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance. Doc. 176. She moved to dismiss both counts, Doc. 177, alleging outrageous government conduct. Judge Moreno concluded that ruling on the dismissal motion would be premature at this stage of the case and recommended that the motion be denied without prejudice to Eagle Feather Floyd renewing it or making the same or similar arguments as part of a motion of judgment of acquittal. Doc. 205 at 1–2. As with her motion to suppress, Eagle Feather Floyd failed to timely object to the report and recommendation on the pending motion to dismiss. Because Eagle Feather Floyd has not objected, and because this Court agrees with Judge Moreno that the motion to dismiss raises factual issues that are inevitably intertwined with the charged offenses and unsuitable for pretrial adjudication, this Court adopts the report and recommendation on the motion to dismiss in full.

## III.    Conclusion

For these reasons, it is

ORDERED that the Report and Recommendation for Disposition of Motion to Suppress, Doc. 204, is adopted. It is further

ORDERED that Eagle Feather Floyd's Motion to Suppress, Docs. 122 and 177, is denied. It is further

ORDERED that the Report and Recommendation for Disposition of Motion to Dismiss, Doc. 205, is adopted. It is finally

ORDERED that Eagle Feather Floyd's Motion to Dismiss, Doc. 177, is denied without prejudice to her making a motion for judgment of acquittal at trial.

DATED this 7th day of July, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE