UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:20-CR-30082-RAL |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING "INTERLOCUTORY APPEAL OF MOTION TO SUPPRESS ITEM 41" AND REQUEST TO RECONSIDER |
| DAWN EAGLE FEATHER FLOYD, | |
| Defendant. | |

On Friday, July 7, 2023, this Court entered an Order, Doc. 215, adopting the magistrate judge's reports and recommendations and denying Defendant's motions to suppress and to dismiss. Later that day, Defendant, who is proceeding pro se, filed an "Interlocutory Appeal of Motion to Suppress Item 41." Doc. 217. On Sunday, July 9, 2023, Defendant emailed several documents to the Deputy-in-Charge of the Clerk of Courts office and asked that they be filed, which was done later that day, see Docs. 218 and 218-1 through 218-6.

This Court has conducted a de novo review of all of Defendant's latest filings and reviewed de novo issues Defendant presented on her motions to suppress and to dismiss. It is unclear whether Defendant means to appeal the magistrate judge's ruling to this Court or simply wants this Court to reconsider its prior orders, though the theme of the filings reiterates her desire to have charges against her dismissed and her 41-page document she wrote and delivered herself to Rosebud Sioux Tribe Law Enforcement suppressed. In any event, this Court concludes that (1) to the extent the latest filings are intended as objections to the magistrate judge's reports and

1

recommendations on the motions to suppress and dismiss, Docs. 204–05, those objections are overruled; (2) to the extent Defendant requests that this Court reconsider its order adopting those reports and denying her motions to suppress and to dismiss, that request is denied; and (3) to the extent Defendant's latest filings are meant as some other request for review, Defendant's "Interlocutory Appeal of Motion to Suppress Item 41," Doc. 217, is denied without prejudice to Defendant filing an appeal to the United States Court of Appeals for the Eighth Circuit if she is convicted and desires to present issues to that Court after possible sentencing and final judgment.

Defendant's latest filings for the most part rehash matters this Court already addressed in its most recent opinion and order denying the motions to suppress and to dismiss, Doc. 215. To the extent Defendant has raised anything new, those arguments are unconvincing and do not alter this Court's reasoning and conclusions on those motions. Indeed, this remains a rather obvious case where Defendant's 41-page handwritten statement should not be suppressed, nor her case dismissed.

On the motion to suppress the handwritten document Defendant drafted and personally delivered to the Rosebud Sioux Tribal Law Enforcement Services (RSTLES) Chief Administrator, Defendant's arguments are meritless. Defendant again protests that the document was obtained through an unreasonable seizure in violation of her Fourth Amendment rights, Doc. 218 at 4–7, but there was no cognizable "seizure" to begin with. Defendant was released from tribal custody the day before she delivered "Item 41" (the 41-page letter, complaint, document—however it is labeled) to the RSTLES Chief Administrator. Upon release, she was free to disregard the police and go about her business; her decision to walk into the police station and hand the Chief Administrator self-incriminating information was her decision alone. See Florida v. Bostick, 501 U.S. 429, 434 (1991) (noting Fourth Amendment scrutiny is not triggered by consensual

encounters with police); Katz v. United States, 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection."). Defendant then says her Fifth Amendment right against self-incrimination has been violated, Doc. 218 at 8–12, but the "Fifth Amendment prohibits use by the prosecution in its case in chief only of *compelled* testimony" and "is not concerned with . . . moral and psychological pressures to confess emanating from sources other than official coercion." Oregon v. Elstad, 470 U.S. 298, 305–07 (1985). Defendant was not compelled to hand the Chief Administrator the handwritten document, so there is no reason to suppress it under the Fifth Amendment. Defendant's arguments under the Sixth and Fourteenth Amendments Doc. 218 at 13–17, are likewise unconvincing. See Michigan v. Harvey, 494 U.S. 344, 348 (1990) (noting that "the Sixth Amendment renders inadmissible in the prosecution's case in chief statements '*deliberately elicited*' from a defendant without an express waiver of the right to counsel." (emphasis added)); Haynes v. Washington, 373 U.S. 503, 513 (1963) (noting due process rights not implicated by statements to police that are made freely, voluntarily, and without compulsion).

Defendant intertwines her theory of defense alleging outrageous government conduct throughout her latest filings[1], but none of these allegations change this Court's analyses or conclusions on the motions to suppress and to dismiss. Nor do the exhibits and affidavits submitted along with Document 218, Docs. 218-1 through 218-6, do anything more than reinforce this Court's conclusion that Defendant's motion to dismiss raises factual issues that are inevitably intertwined with the charged offenses and thus unsuitable for pretrial adjudication. As this Court

---

[1] Defendant now also raises Eighth Amendment issues, Doc. 218 at 14–15, related to her pretrial confinement in tribal jail prior to her posting bond and being released. It is unclear how these arguments are relevant here, but to the extent they are part of Defendant's outrageous government conduct theory, she is free to raise them as part of a motion for judgment of acquittal at trial.

held previously, Defendant is free to make these arguments later in a motion for judgment of acquittal at trial following the close of the government's case.

For these reasons, as well for those reasons given in this Court's prior opinion and order denying the motions to suppress, Doc. 215, it is

ORDERED that to the extent Defendant's latest filings, Docs 217–18, are intended as objections to the magistrate judge's reports and recommendations on the motions to suppress and dismiss, Docs. 204–05, those objections are overruled.  It is further

ORDERED that to the extent Defendant requests that this Court reconsider its Opinion and Order Denying Motions to Suppress and to Dismiss, Doc. 215, that request is denied.  It is further

ORDERED that Defendant's "Interlocutory Appeal of Motion to Suppress Item 41," Doc. 217, is denied without prejudice to Defendant filing an appeal to the United States Court of Appeals for the Eighth Circuit if she is convicted and desires to present issues to that Court after possible sentencing and final judgment.

DATED this 11th day of July, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE