UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWN EAGLE FEATHER FLOYD,<br><br>Defendant. | 3:20-CR-30082-RAL<br><br><br><br>REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO QUASH (SUPPRESS) |

DISCUSSION

Defendant, Dawn Eagle Feather Floyd, representing herself, filed a motion to quash, claiming that a tribal search warrant "lack[ed] indicia of probable cause," had "insufficient[ly] reliable content," and "contained improper information."[1] She says "the warrant was gained in 'bad faith' and all evidence obtained therefrom are 'fruits of the

---

[1] Docket No. 229 at 1; *see also* Docket No. 235 at 8 ("the warrant on its face did not show probable cause for search and seizure").

1

poisonous tree.'"² Although styled as a motion to quash, the motion is really one to suppress.³ The government resists the motion.⁴

Eagle Feather Floyd contends that the search warrant should be quashed because it was "vindictively" obtained in violation of Fed R. Crim. P. 41(d)(h),⁵ a provision that does not exist. Fed. R. Crim. P. 41(h) is the provision under which a defendant may move to suppress evidence. Eagle Feather Floyd also says her motion is based on Fed. R. Crim. P. 12(b).⁶ But sections (b) and (c) of the Rule require that a suppression motion, which is what her motion is,⁷ be made before trial and by a set deadline. The two Rules she cites (Rules 41 and 12) and the references she makes to "suppressing," "suppress," and "suppression"⁸ in the motion and supporting memorandum underscore the Court's

---

² Docket No. 235 at 1.

³ Docket No. 229 at 2 (praying that the Court "grant this motion . . . suppressing the warrant . . . ."); *see also id.* at 1, 16 (stating she was submitting her "Motion to Suppress" and seeking "suppression of [the] warrant").

⁴ Docket No. 233.

⁵ Docket No. 229 at 1.

⁶ *Id.*

⁷ *See United States v. Acox*, 595 F.3d 729, 732 (7th Cir. 2010) (a motion to suppress covers efforts to invoke the exclusionary rule, *Miranda* doctrine, as well as constitutional and statutory provisions to keep evidence out of the trial record).

⁸ Docket Nos. 229 at 2 and 235 at 1, 16.

conclusion that what Eagle Feather Floyd seeks is to suppress, not quash, an already executed warrant and the items seized under the authority of it.

It is troubling that Eagle Feather Floyd failed to file or include with her motion the search warrant complained of (which appears to be a tribal warrant issued on December 8, 2019 for a residence – not her own – near Valentine, Nebraska[9]). Without the warrant, the Court is unable to conduct meaningful review of the motion and the assertions in her memorandum.

Construing Eagle Feather Floyd's motion as one to suppress, it is late. The District Court fixed July 17, 2023 as the deadline for filing suppression motions.[10] Eagle Feather Floyd filed her motion on July 19, 2023.[11] As a pro se litigant in the case for some time, she has electronically filed numerous documents. So the PACER system and filing process is not unfamiliar to her. Eagle Feather Floyd knew her motion was untimely,[12]

---

[9] Docket No. 229 at 2 and 235 at 7-8.

[10] Docket No. 208 at 1.

[11] Docket Nos. 229, 235, attached Ex. 1.

[12] *See* attached Ex. 2 (email to clerk stating "I know its late," referring to the motion to quash).

and she now begs for indulgence.[13]  But she provides no good cause for granting any.[14] The delinquent motion, and memorandum backing it, should not therefore be considered.[15]

## RECOMMENDATION

For all of these reasons, the Court recommends that Eagle Feather Floyd's motion to quash be denied without an evidentiary hearing.

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[16]  Unless an extension of time for cause is later obtained,[17] failure to

---

[13] *See* Docket No. 229 at 1 ("***begging*** the court to forgive her regretfully unintentional prolonged submission of her Motion to Squash as the Pro Se Litigate").

[14] *See* Fed. R. Crim. P. 12(c)(3) (permitting consideration of an untimely Rule 12(b)(3) motion upon a showing of good cause).

[15] *See United States v. Trobee*, 551 F.3d 835, 837-38 (8th Cir. 2009); *United States v. Salgado-Campos*, 442 F.3d 684, 686 (8th Cir. 2006); *see also United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021) ("If a defendant is unable to show good cause, the untimely motion to suppress is waived."), *cert. denied*, 142 S.Ct. 2780 (2022); *see generally* 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure*, §194 (5th ed. April 2023 Update).

[16] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).

[17] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

file timely objections will result in the waiver of the right to appeal questions of fact.[18]

Objections must "identify[] those issues on which further review is desired[.]"[19]

DATED this 21st day of July, 2023.

BY THE COURT:

*[signature: Mark A. Moreno]*

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[18] *See Thompson*, 897 F.2d at 357; *Nash*, 781 F.2d at 667.

[19] *Arn*, 474 U.S. at 155.