UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWN EAGLE FEATHER FLOYD,<br><br>Defendant. | 3:20-CR-30082-RAL<br><br><br>OPINION AND ORDER DENYING<br>MOTION TO QUASH SEARCH WARRANT |

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting 28 U.S.C. § 636(b)(1)). But "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" Id. (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). Because Eagle Feather Floyd has not objected to the report and recommendation on the pending motion, and because this Court agrees with Judge Moreno that the motion to quash is substantively an untimely motion to suppress, this Court adopts the report and recommendation on the motion to quash in full.

I.     **Motion to Quash, Doc. 229**

1

On July 21, 2023, Magistrate Judge Mark Moreno filed a report, Doc. 236, recommending denial of pro se Defendant Dawn Eagle Feather Floyd's motion entitled, "Motion to Quash 12.08.2019 Search Warrant." Although titled as a motion to quash, Eagle Feather Floyd's motion is substantively a motion to suppress. See Doc. 229 at 2; Doc. 235 at 1. The motion does not desire to quash anything; instead, the motion seeks to suppress the "fruits of the poisonous tree" obtained through an allegedly invalid search warrant pursuant to Fed. R. Crim. P. 12(b). Doc. 235 at 1; Doc. 229 at 1. However, under the Federal Rules of Criminal Procedure, there is "no express procedure to quash a search warrant after its execution other than a motion to suppress under Fed. R. Crim. P. 12 or a motion for return of property under Fed R. Crim. P. 41(e)." In re Search of Florilli Corp., 33 F. Supp. 2d 799, 801 (S.D. Iowa 1998). Indeed, Eagle Feather Floyd does not move this Court to return any seized property. Doc. 229. Therefore, Eagle Feather Floyd's motion can be construed only as a motion to suppress under Fed. R. Crim. P. 12(b)(3)(C).

Under Rule 12(b), "[t]he term 'motion to suppress' covers efforts to invoke the exclusionary rule . . . or the many other constitutional and statutory rules that keep probative evidence out of the trial record." United States v. Acox, 595 F.3d 729, 732 (7th Cir. 2010).[1] Eagle Feather Floyd indicates that her request of this Court is to suppress probative evidence discovered by execution of the search warrant. Doc. 229 at 2; Doc. 235 at 1. Accordingly, defendant has made a motion to suppress evidence; therefore, absent good cause, Eagle Feather Floyd's filing must comply with this Court's deadline for filing suppression motions.

---

[1] Rule 12(b)(3)'s mandatory waiver for untimeliness applies to "whatever may be the claimed basis for the application of the exclusionary rule, including claims that evidence was obtained as a result of an illegal search and seizure under the Fourth Amendment . . . ." United States v. Michalek, 819 F. Supp. 250, 261 (W.D. N.Y. 1993), aff'd, 9 F.3d 1536 (2d Cir. 1993); 1A Charles Alan Wright & Andrew D. Leipold, Federal Practice & Procedure Crim., Time of Making Motion § 193, 413 n.32 (5th ed. 2020 & Supp. 2023).

This Court previously fixed the deadline for filing suppression motions as July 17, 2023. Doc. 208 at 1. Eagle Feather Floyd submitted her motion on July 19, 2023, two days past this Court's deadline. Docs. 229, 235-1, 235-2, 236 at 3. Absent a showing of good cause, this Court will not consider untimely motions. See Fed. R. Crim. P. 12(c)(3) (allowing a court to consider an untimely Rule 12(b)(3) motion but upon a showing of good cause); United States v. Fogg, 922 F.3d 389, 391 (8th Cir. 2019) ("To show good cause, a party must show both cause and prejudice."); see United States v. Fry, 792 F.3d 884, 888 (8th Cir. 2015) (determining good cause did not exist when defendant had notice of the facts giving rise to their motion before the deadline to file). Eagle Feather Floyd has made no effort to show good cause warranting consideration of an untimely motion.

Nor does there appear to be any viable argument about good cause for filing a late motion. The indictment against Eagle Feather Floyd was filed in August of 2020, Doc. 1, and she made her initial appearance in September of 2020, Doc. 8. Over the two years of this case's pendency, Eagle Feather Floyd has had and discarded five prior attorneys and is now working with a sixth attorney as stand-by counsel. Docs. 10, 41, 46, 66, 82, 104. Despite representing herself, however, Eagle Feather Floyd knows how to file motions with this Court and has successfully done so on multiple occasions. For example, she filed a timely motion to suppress on January 19, 2023, Doc. 122, which this Court denied, Doc. 215. She also has filed many other motions on her own. Docs. 127, 143, 144, 145, 165, 167, 171, 177, 180, 198, 206, 217, 220, 221, 222, 223. Moreover, she knows how to seek the Clerk of Court's assistance in filing motions as an alternative to the e-filing system. Doc. 236-2. Finally, she filed this motion knowing it was untimely. Doc. 236-2; Doc. 229 at 1.

Eagle Feather Floyd failed to timely file her motion and has not demonstrated good cause excusing her untimeliness. Furthermore, this Court is unable to review the merits of the motion because Eagle Feather Floyd has failed to file a copy of the search warrant (which appears to be a tribal search warrant, Doc. 235, 7-8) or include it as an exhibit to her motion. Accordingly, this Court adopts Judge Moreno's report and recommendation to deny Eagle Feather Floyd's Motion to Quash, Doc. 229.

## II. Conclusion

For these reasons, it is

ORDERED that the Report and Recommendation for Disposition of Motion to Quash, Doc. 236, is adopted. It is further

ORDERED that Eagle Feather Floyd's Motion to Quash, Doc. 229, is denied.

DATED this 14th day of August, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE